IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CARMAX ENTERPRISE**
**SERVICES, LLC,**

      **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　Civil Action No. 3:22cv463

**PRECISION GLOBAL MEDICAL**
**DISTRIBUTORS, LLC d/b/a PRECISION**
**GLOBAL MD, LLC,**

      **Defendant/Third-Party**
      **Plaintiff,**

v.

**UNITED HEALTH SOLUTIONS, LLC,**
*et al.*

      **Third-Party Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant/Third-Party Plaintiff Precision Global Medical Distributors, LLC's ("Precision Global") Motion for Order Authorizing Service of Process by Electronic Communication (the "Motion"). (ECF No. 39.) For the reasons that follow, the Court will grant the Motion.

### I. Factual and Procedural Background

CarMax Enterprise Services, LLC ("CarMax") brings this case seeking damages for breach of contract and money had and received, resulting from Precision Global's alleged failure to provide usable COVID-19 tests as required by the parties' contract. (ECF No. 1, at 1.) Precision Global filed, along with its Answer, a Third-Party Complaint against Third-Party Defendants United Health Solutions, LLC, David Sumner, Sumner Group Health Medical

Supplies Limited, Robert Ekstedt, Global Health Supply, LLC, Ekstedt Enterprises, LLC, and It's Nanoed, Inc. (ECF No. 5, at 1.)

All Third-Party Defendants have been served, except for David Sumner ("Mr. Sumner") and Sumner Group Health Medical Supplies Limited ("Sumner Group") (together, with Mr. Sumner, the "Sumner Defendants"). (ECF No. 40, at 5.) This Court filed a Notice of the Clerk's Intent to Proceed with Abatement when the Sumner Defendants were not served with process within ninety (90) days of filing. (ECF No. 34, at 1.) In response, Precision Global explained that the Sumner Defendants were located in a foreign country and that Precision Global was exercising due diligence in perfecting service. (ECF No. 35, at 2.) After unsuccessfully attempting to serve the Sumner Defendants in the United Kingdom, Precision Global learned that Mr. Sumner was no longer in the United Kingdom but was likely somewhere in the Philippines. (ECF No. 35, at 3–4.)

To avoid another extended attempt to serve the Sumner Defendants, Precision Global requests that the Court authorize service on the Sumner Defendants pursuant to Rule 4(f)(3) by using the email addresses used to communicate with Mr. Sumner throughout the parties' business interactions and during this lawsuit. (ECF No. 40, at 2.)

## II. Standard of Review

"To serve process on an individual in a foreign country, a federal plaintiff must comply with both constitutional due process requirements and [Federal Rule of Civil Procedure 4(f)]." *Automobili Lamborghini S.p.A. v. Garcia*, 467 F. Supp. 3d 385, 400 (E.D. Va. 2020). For service to satisfy constitutional due process, the method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent.*

*Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In tailoring alternative methods of process under Rule 4(f)(3), courts have considered whether the defendant already possessed knowledge of the suit or awareness that he may be subject to a suit. *WhosHere, Inc. v. Orun*, 1:13CV526, 2014 WL 670817, at *4 (E.D. Va. Feb. 20, 2014).

Federal Rule of Civil Procedure 4(f) provides three mechanisms for service on an individual in a foreign country:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by [certain specified means outlined in the Rule] reasonably calculated to give notice . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)–(3).

"Rule 4(f) does not denote any hierarchy or preference for one method of service over another." *Enovative Technologies, LLC v. Leor*, No. 15-1154, 622 F. App'x 212, 214 (4th Cir. 2015) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). "'Service of process under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief." It is merely one means among several which enables service of process on an international defendant.'" *Id.* (quoting *Rio Props., Inc.*, 284 F.3d at 1015).

"Courts have routinely found that electronic service of process, including email process, complies with these requirements when a plaintiff can demonstrate that the defendant will likely receive the email and thus notice of the suit." *DAG Ammo Corp. v. KM Trade d.o.o.*, No. 3:21CV332, 2021 WL 7933706, at *1 (E.D. Va. June 4, 2021) (collecting cases); *see, e.g.*, *Gmbh v. Ilnitskiy*, No. 1:17CV415, 2018 WL 1882823, at *2 (E.D. Va. Jan. 25, 2018) (affirming that

3

service of process was reasonably calculated to give notice to defendant when plaintiff published court's order in two newspapers and sent order to defendant's eight previously used addresses); *WhosHere*, 2014 WL 670817, at *3 (authorizing service via email when plaintiff had previously electronically communicated with defendant about lawsuit and had already forwarded him a copy of the complaint); *Rio Properties*, 284 F.3d at 1016 (finding service by email proper given that it was not only reasonably calculated to apprise defendant of the action and afforded it an opportunity to respond, but also was the method of service most likely to reach it); *F.T.C. v. PCCare247 Inc.*, No. 12CV7189, 2013 WL 841037, at *3–4 (S.D.N.Y. Mar. 7, 2013) (allowing service by email when plaintiff demonstrated high likelihood that defendants had received and responded to electronic communications sent to specific email addresses).

### III. Analysis

Precision Global may serve the Sumner Defendants with process via email because in this case, service by email complies with both constitutional due process requirements and Federal Rule of Civil Procedure 4(f). *See Automobili Lamborghini S.p.A. v. Garcia*, 467 F. Supp. 3d 385, 400 (E.D. Va. 2020).

**A. Service by Email Comports with Due Process Because Precision Global Has Repeatedly Engaged with the Sumner Defendants Through Email and the Sumner Defendants May Already Possess Knowledge of the Suit**

Precision Global's service of the Sumner Defendants by email would comport with due process because it is reasonably calculated to apprise the parties of the suit and afford them an opportunity to respond. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Precision Global has repeatedly engaged with the Sumner Defendants through email communications, receiving responses to meeting invitations from the Sumner Defendants from the email addresses david.sumner@sumnergroupholdings.com, david.sumner@sumner-

4

global.com, and david.sumner@sumnerglobal-na.com as recently as April 2023. (ECF No. 40, at 9.)

Further, the Sumner Defendants likely already possess knowledge of the suit. On March 5, 2022, Mr. Sumner responded to an email from Precision Global from the email address david.sumner@sumnergroupholdings.com. (ECF No. 40-2, at 3–4.) Precision Global's email, dated March 4, 2022, requested confirmation of the Sumner Defendants' information "to move forward with Federal Charges against" both Mr. Sumner and Mr. Ekstedt. (ECF No. 40-2, at 5.) Mr. Sumner's emailed response provided the mailing address at 85 Great Portland Street, London, W1W 7LT, United Kingdom, at which Precision Global later attempted to serve the Sumner Defendants. (ECF No. 40-2, at 3–4.) This interaction likely put Mr. Sumner on notice of the pending suit against him.

On September 9, 2022, Precision Global mailed the Sumner Defendants a Rule 4 Notice of Lawsuit and Request to Waive Services of Summons which included a copy of each of their Summonses and a copy of the Answer and Third-Party Complaint. (ECF No. 40, at 10.) On September 12, 2022, this mailing was delivered to Defendants' registered mailing address in the United Kingdom, 85 Great Portland Street, London, LO, W1W7LT, and was signed for by the Receptionist/Front Desk. (ECF No. 40, at 10; ECF No. 40-1, at 2.) On July 25, 2023, Precision Global sent copies of the Answer and Third-Party Complaint and copies of the Sumner Defendants' summons to david.sumner@sumnergroupholdings.com and david.sumner@sumnergroup-na.com.[1] (ECF No. 40-6, at 2.) On July 28, 2023, Precision

---

[1] While the email sent to david.sumner@sumnergroupholdings.com bounced back, suggesting the message was not received, no such delivery warning occurred for the email addressed to david.sumner@sumnergroup-na.com, suggesting that this email address is still valid and active as of July 25, 2023, at the least. (ECF No. 40-6, at 2.)

5

Global sent the same email to a third email address, david.sumner@sumner-global.com. (ECF No. 40-6, at 2.)

Because the Sumner Defendants have repeatedly communicated with Precision Global via these email addresses and because the Sumner Defendants have likely already received notice of the lawsuit through both mail and email notice, service of process by email is reasonably calculated to give the Sumner Defendants notice of the lawsuit and thus comports with due process. *See Automobili Lamborghini S.p.A. v. Garcia*, 467 F. Supp. 3d 385, 390–91 (E.D. Va. 2020) (granting plaintiffs' request to serve the defendant via email where the defendant was using evasive tactics to avoid plaintiffs' attempts to serve him, plaintiffs had "hired two different foreign service firms and spent nearly twelve months attempting to serve" the defendant, and the defendant and his attorneys "were communicating with plaintiffs via email during th[e] same time period" in which plaintiffs were attempting to serve him); *see also Enovative Technologies v. Leor*, No. 15-1154, 622 F. App'x 212, 214 (4th Cir. 2015) (allowing service of process by email where plaintiff "had searched diligently, yet unsuccessfully, for [defendant]'s mailing address" and defendant "had exhibited a willingness to communicate with [plaintiff] by electronic mail"); *DAG Ammo Corp. v. KM Trade d.o.o.*, 3:21CV332, 2021 WL 7933706, at *2 (E.D. Va. June 4, 2021) (granting motion for service of process by email where "[d]efendants have engaged with and continue to engage with [p]laintiffs through electronic communications" and "[p]laintiffs served [d]efendants with a courtesy copy of the Amended Complaint"); *WhosHere, Inc. v. Orun*, 1:13CV526, 2014 WL 670817, at *4 (E.D. Va. Feb. 20, 2014) (permitting service of process by email and social networking accounts where "defendant himself provided plaintiff with these email contacts" and plaintiff "electronically communicated

with defendant about the basis of the lawsuit and even emailed defendant a copy of the complaint").

### B. Service by Email Complies with Federal Rule of Civil Procedure 4(f) Because Service by Email is Not Prohibited by International Agreement

Service by email complies with Federal Rule of Civil Procedure 4(f) because Federal Rule of Civil Procedure 4(f)(3) provides for service on an individual in a foreign country by "means not prohibited by international agreement," and service by email is not prohibited by international agreement. As previously discussed, "Rule 4(f) does not denote any hierarchy or preference for one method of service over another." *Enovative Technologies, LLC v. Leor*, No. 15-1154, 622 F. App'x 212, 214 (4th Cir. 2015) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

Here, service by email is not prohibited by international agreement. Mr. Sumner seemingly resides in the Philippines. (ECF No. 40, at 2.) The Sumner Group's registered business address is in the United Kingdom. (ECF No. 40-1, at 2.) The United States, the United Kingdom, and the Philippines are all signatories to the Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention").[2]

Article 10 of the Hague Convention[3] permits service of process through alternative means such as "postal channels" and "judicial officers" provided that the destination state does not

---

[2] *HCCH Members*, https://www.hcch.net/en/states/hcch-members (last visited Aug. 30, 2023).

[3] Article 10 reads:

Provided the State of destination does not object, the present Convention shall not interfere with –

7

object to those means. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 10, Nov. 15, 1965, T.I.A.S. 6638 (hereinafter "Hague Convention"). Where a signatory nation objects to the specific methods of service listed in Article 10, the court can order alternative methods of service not explicitly stated in Article 10. *Automobili Lamborghini S.p.A. v. Garcia*, 467 F. Supp. 3d 385, 400 (E.D. Va. 2020) (citing *WhosHere, Inc. v. Orun*, 1:13CV526, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014) (collecting cases)).

Although the Philippines has generally objected to the means listed in Article 10, its objection is limited to the enumerated means of service in Article 10, specifically subsections (a) and (c).[4] Here, the Philippines has not expressly objected to service by email, and Article 10 does not explicitly list service by email as a method of service. *Status Table*; Hague Convention, art. 10. Courts have permitted service of process by email and other electronic communications

---

| | | |
|---|---|---|
| | a) | the freedom to send judicial documents, by postal channels, directly to persons abroad, |
| | b) | the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination, |
| | c) | the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination. |

Hague Convention, art. 10.

[4] *Status Table*, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 [hereinafter "*Status Table*"] (locate "Philippines" in the "Contracting Party" column and select the "D" hyperlink in the column labelled "Res/D/N/DC") ("The Philippines objects to the transmission channels under paragraphs a and c as provided for in Article 10 of the Convention.").

where, as here, the country in which the defendant resides only generally objects to Article 10. *WhosHere, Inc.*, 2014 WL 670817, at *3.

Accordingly, service by email in this case comports with both due process requirements and Federal Rule of Civil Procedure 4(f). This is because Precision Global has repeatedly engaged with the Sumner Defendants through email and the Sumner Defendants likely already possess knowledge of the suit. Finally, service by email comports with Federal Rule of Civil Procedure 4(f) because the Hague Convention does not prohibit service by email and the Philippines has not specifically objected to service by email.

## IV. Conclusion

For the foregoing reasons, the Court will grant Precision Global's Motion. (ECF No. 39.) An appropriate Order shall issue.

Date: 10/13/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

9